PEOPLE v. ANDRE.

1. Criminal Law—False Pretenses.

  In a prosecution for obtaining goods by means of false pretenses, respondent being charged with representing himself to be worth more than the facts warranted, evidence of the value of his cold storage plant was properly submitted to the jury where the proof of its value was conflicting.

2. Same—Evidence—Hearsay.

  Testimony that the complaining witness was informed over the telephone of the substance of a statement of respondent's assets, made to a bank to which respondent referred the witness, was admissible to show reliance thereon, although incompetent to prove the making of the statement.

3. Same—Variance in Amount.

  A difference between the amount which respondent claimed to be worth, and that stated in the information, is not a prejudicial variance when that charged was within the statement made by him.

Exceptions before judgment from Eaton; Smith, J. Submitted April 29, 1909. (Docket No. 113.) Decided July 6, 1909.

William Andre was convicted of obtaining goods under false pretenses. Affirmed.

*Frank A. Dean*, for appellant.

*Elmer N. Peters*, Prosecuting Attorney, for the people.

HOOKER, J. Defendant, being engaged in the purchase of butter and eggs at Grand Ledge, and the owner of an alleged cold storage plant there, made a contract with the complainant, living at Eaton Rapids, to pay him a stipulated price for those commodities, f. o. b. car at Eaton Rapids, under which arrangement complainant

shipped him a quantity of each on the 11th and 12th days of May, 1906. Not receiving payment for the same, he caused defendant's arrest, on a charge of obtaining the same under false pretenses. Being convicted, the defendant has appealed to this court.

A former verdict in this cause was reversed. See 153 Mich. 531 (117 N. W. 55), where the facts are stated at length. The information charged the following representations, viz.: (1) That defendant was owner of the Grand Ledge storage plant; (2) that he desired to purchase eggs for the purpose of storage; (3) that he intended to store said eggs in the East; (4) that he was springing the price in order to secure early eggs for the purpose of storage; (5) that he referred complainant to the Grand Ledge State Bank for information, and that complainant was informed by said bank that he had made a statement of property showing that he was worth $18,000 over and above debts, liabilities, and exemptions. The evidence showed that defendant did own the cold storage plant at Grand Ledge, and the court so instructed the jury.

There was testimony tending to show that the defendant issued and mailed cards offering a price named for butter and eggs, one of which came to the complainant. That the price so stated was, in the opinion of the complainant, higher than he (the complainant) could afford to pay. He, therefore, went to see defendant, and offered to sell produce to him. The representations made grew out of the complainant's proposal to ship butter and eggs to defendant, with draft attached to bill of lading, which defendant objected to, for reasons stated, and made the representations aforesaid, except that he did not state directly to complainant that he was worth $18,000 over and above his debts, liabilities, and exemptions, but referred complainant to the Grand Ledge State Bank as a source of information. On May 11, and May 12, 1906, complainant made shipment to defendant; May 12th being Saturday. Afterwards he received information leading him to distrust defendant's solvency, and he

called up the Grand Ledge State Bank, and had a talk by telephone with a person who stated to him that he was the cashier of said bank, and that defendant had some weeks before filed a statement of his pecuniary circumstances, in which he stated that his property amounted to $18,900 over and above his debts, liabilities, and exemptions. There was no other evidence of the identity of the person so talking as the cashier, except that he said he talked to persons often by phone about defendant, and there was evidence that such a statement had been filed as stated by such person. There was evidence to the effect that this information came to the complainant in time for him to have stopped said produce before its delivery to the defendant, and that he refrained from doing so for the reason that he believed said statement. There was also testimony tending to show that the defendant was insolvent at that time; that he knew that he was; that he issued said cards, and paid a high price, with the design of obtaining large consignments of produce, and afterwards settling with his creditors at 10 cents on the dollar, as he had heard that another person had done. It is contended that the court should have directed a verdict for the defendant upon the ground that the statement made to the bank was substantially true. There was testimony that this was a statement of the Cold Storage Company, and that William Andre, the defendant, was the sole proprietor. The value of the plant was stated by him to be $25,000, and there was other testimony to that effect, but there was also testimony of a lower value, which made it a disputed question of fact. It was therefore proper to submit the question to the jury.

Error is assigned upon the admission of testimony regarding the conversation by telephone. The importance of this testimony was the bringing to the knowledge of complainant the fact that defendant had made such a statement. It is true that this was not competent proof of the fact that a statement had been made, but that fact was proved by other witnesses, and it was competent to

show that the fact was communicated to complainant.
The testimony was admissible for that purpose, as it tended
to prove that complainant learned an existing fact from
an apparently authentic source which might well, and he
stated did, influence his action. The testimony was ad-
missible, and it was not error to refuse to strike the state-
ment from the case, as it was proved by other competent
testimony.

Error is also assigned on the refusal of the circuit judge
to give a number of requests to charge. The first three
have been covered by what has been said. The fourth is
based on an alleged variance between the allegation that
the cashier of the State bank informed complainant that
defendant had made a statement that he was worth
$18,000 over and above his debts, etc., and the proof
which showed that such statement was that he had
$18,900, over debts, etc. There is no merit in this claim.
The fact that the statement was $900 larger than the
amount stated to complainant does not militate against
the people's claim. He made the statement, and the sum
stated by the cashier is within that in the statement. No
question is raised over the information.

The other requests were sufficiently covered by the
charge of the learned circuit judge, which was clear and
fair.

There are a few assignments relating to the introduc-
tion of testimony, but they are unimportant.

We find no error in the record, and the proceedings are
affirmed.

MONTGOMERY, OSTRANDER, MOORE, and BROOKE, JJ.,
concurred.